IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SAMEH KHALED DANHACH | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-215 |
| WARDEN, FCC BEAUMONT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Sameh Khaled Danhach, a prisoner confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner claims that his constitutional rights were violated during a disciplinary proceeding conducted on incident report number 3300376. Respondent contends the petition is now moot because the disciplinary conviction was expunged from Petitioner's prison records after this petition was filed, and the good time he forfeited as a result of the disciplinary conviction has been restored. Respondent submitted an affidavit from Ms. Kimberly Sustaita, a Disciplinary Hearing Officer for the Bureau of Prisons who is currently assigned to work at the Federal Correctional Complex in Beaumont. Ms. Sustaita states that the disciplinary conviction has been overturned and Petitioner's good time credits have been restored.

The United States Constitution prohibits federal courts from issuing advisory opinions. *John Doe #1 v. Veneman*, 380 F.3d 807, 814 (5th Cir. 2004). Article III of the Constitution requires that

federal courts hear only cases or controversies. U.S. CONST. art. III, § 2. A moot case does not present a case or controversy because there are no longer adverse parties with sufficient legal interests to maintain the litigation. *United States v. Lares-Meraz*, 452 F.3d 352, 354-55 (5th Cir. 2006).

This petition is moot because Petitioner has received the relief he requested. The court is justified in presuming that the Bureau of Prisons is acting in good faith, and will not reinstate the disciplinary conviction once the petition is dismissed as moot. *See Sossamon v. Texas*, 560 F.3d 316, 325 (5th Cir. 2009) ("Although . . . a defendant has a heavy burden to prove that the challenged conduct will not recur once the suit is dismissed as moot, government actors in their sovereign capacity and in the exercise of their official duties are accorded a presumption of good faith because they are public servants, not self-interested private parties."). Accordingly, the petition should be dismissed as moot.

## Recommendation

This petition for writ of habeas corpus should be dismissed as moot.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal

conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 23rd day of May, 2022.

_____
Zack Hawthorn
United States Magistrate Judge